UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ANGELINA GALVAN, | ) No. CV 09-07876-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") improperly

        failed to give clear and convincing reasons for discrediting Plaintiff's testimony regarding the severity of her symptoms;
   2.   Whether the ALJ ignored medical evidence of Plaintiff's meralgia paresthetica; and
   3.   Whether the ALJ improperly gave insufficient weight to undisputed evidence regarding Plaintiff's obesity and its effect on Plaintiff's ability to work.

(JS 6, 11, 14.)

   This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

**I**

**THE ALJ FAILED TO GIVE CLEAR AND CONVINCING REASONS**

**TO DISCREDIT PLAINTIFF'S SYMPTOM TESTIMONY**

   As set forth in the "Joint Background Statement" (JS at 2-5), there is substantial evidence in the record pertaining to Plaintiff's subjective pain, as reflected in her testimony at the hearing before the ALJ (AR 20-39); complaints she made about her pain to various treating physicians over substantial spans of time; and various medications which she takes, some of which are for pain.  If any or all of Plaintiff's pain symptomology were accepted by the ALJ, it would likely affect, whether substantially or otherwise, the assessment of Plaintiff's Residual Functional Capacity "(RFC").  Nevertheless, in an exceedingly short decision, the ALJ rejected

2

Plaintiff's testimony as to her pain symptoms, simply repeating the rubric that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (AR 18.) There is nothing else in the decision which, inferentially or directly, can be considered an evaluation of the evidence in the record as it pertains to the credibility assessment.

The law concerning subjective pain testimony is clear and well-established, and need not be discussed extensively here. An ALJ may reject subjective symptom testimony only based on specific, clear and convincing reasons. See <u>Vertigan v. Halter</u>, 260 F.3d 1044, 1049 (9th Cir. 2001). Similarly, as Plaintiff argues in her portion of the JS, once objective medical evidence is introduced which establishes an impairment that could reasonably be expected to cause some pain, this testimony and evidence cannot be discredited solely because it is not fully corroborated by objective medical evidence. <u>Cotton v. Bowen</u>, 799 F.2d 1403, 1407 (9th Cir. 1986). Further, as the ALJ himself noted, Social Security Ruling ("SSR") 96-7p requires an assessment of a gamut of evidence in order to make a credibility determination. (<u>See</u> AR 17-18, JS at 7.)

The Commissioner's response is to default to the proposition that credibility determinations are the province of the ALJ. The Commissioner then cites evidence in the record which he believes substantiates the ALJ's credibility determination. (JS at 10-11.) This position is somewhat surprising, in that it is settled law that reliance on <u>post-hoc</u> reasoning which cites evidence not contained in the ALJ's decision, as the basis to substantiate that decision, is a mandatory ground for reversal. See <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003)("It was error for the District Court to affirm the

3

ALJ's credibility decision based on evidence that the ALJ did not discuss.  Because the ALJ did not assert specific facts or reasons to reject [plaintiff's] testimony and to find that her migraines and colitis were controlled by medication, we must reverse the District Court on this issue. (Citation omitted)").

The ALJ's error with regard to the credibility assessment mandates reversal for a <u>de</u> <u>novo</u> hearing on this, and as to all issues.

Because the Court is ordering a <u>de</u> <u>novo</u> hearing, it is not necessary to engage in a protracted discussion of the remaining two issues.  To provide guidance to the ALJ, however, the Court will make certain observations.  With regard to the second issue, which asserts that the ALJ ignored evidence of Plaintiff's meralgia paresthetica (JS at 11-14), the Commissioner asserts that the ALJ need not discuss all evidence in the record, but only probative evidence, and then must explain why such evidence has been rejected. (<u>See</u> JS at 12, citing <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984).)  Here, however, it does not appear that Dr. Prentice' report does not constitute relevant evidence worthy of consideration and evaluation. Plaintiff objects to the Commissioner's assessment that other medical evidence rendered Dr. Prentice's report irrelevant, because later tests concern Plaintiff's upper extremities, not her lower extremities.  The Court need not make an ultimate determination on whether the failure to discuss Dr. Prentice's report was error, but this issue should be carefully examined on remand.  If there is possible relevance to Dr. Prentice's report, it should certainly be considered rather than ignored.

Finally, Plaintiff's third issue concerns the insufficient weight given by the ALJ as to the issue of Plaintiff's obesity and its effect

on Plaintiff's ability to work. (JS at 14-18.)  The Commissioner correctly points out that the ALJ did, indeed, assess Plaintiff's obesity with regard to her RFC, finding more limitations due, in part, to her obesity. (See AR at 18.)  Moreover, the Commissioner correctly notes the controlling Ninth Circuit case of Burch v. Barnhart, 400 F.3d 676 (9th Cir. 2005), which obliges Plaintiff to demonstrate some relationship between her obesity and any relevant functional limitations.  Here, other than demonstrating that the medical evidence establishes her obesity, Plaintiff has not established any such connection, based on the evidence in the record, in this case.

Based on the foregoing, this matter will be remanded for a de novo hearing.

**IT IS SO ORDERED.**

DATED: July 14, 2010             /s/
                                 VICTOR B. KENTON
                                 UNITED STATES MAGISTRATE JUDGE